In re STURGIS. (Supreme Court, Appellate Division, First Department. February 9, 1900.) Judicial settlement of Thomas Sturgis, surviving trustee of the estate of Catherine Sturgis, deceased. From a surrogate's decree declaring invalid the trust created by the will for the benefit of the poor of the east parish of the town of Barnstable, Mass. (59 N. Y. Supp. 783), the selectmen of the town of Barnstable appeal. Affirmed. C. C. Burlingham, for appellant. James McKeen and John Notman, for respondent.

PER CURIAM. The decree appealed from should be affirmed, with costs, on the opinion of the surrogate.

INGRAHAM, J. I am unable to agree in the affirmance of this decree. The testatrix, by her will, bequeathed to the selectmen or other municipal authorities of the east parish "of my native town, Barnstable, in the county of Barnstable and state of Massachusetts, and their successors forever, by what name soever such municipal authorities may at any time be known, the said sum of $6,000, after the death of my said sister, Esther Frances, in trust, nevertheless, that the said selectmen or other municipal authorities shall keep the same on deposit with the said Massachusetts Hospital Insurance Company, and shall appropriate the annual interest, income, or profits thereof, in sums of not less than ten nor more than fifty dollars to any one person in any one year, in the discretion of the said selectmen or other municipal authorities, so to do the most possible good for the relief and benefit of respectable persons in reduced circumstances, of either sex, in the said east parish of said town of Barnstable." The learned surrogate held that this clause was void, and that the property therein attempted to be disposed of passed to

the residuary legatee. The referee found as a fact that the town of Barnstable was incorporated in 1639 and selectmen of the town were duly appointed, and since which date selectmen have been chosen annually; that in 1717 the town was divided into parishes, to wit, east and west parishes; that the deceased, Catherine Sturgis, was born and lived for several years in the village of Barnstable, in east parish; that distinct municipal officers have never been chosen for either the east or west parish; that the selectmen, who are also assessors and overseers of the poor, are chosen for the whole town, and as such exercise the duties of said offices throughout the several villages making up the town; that the parish lines are recognized by the assessors in the assessment of taxes; and that by the law of the state of Massachusetts the trust so attempted to be created would there be a valid trust, and the court there would have the power to appoint a trustee, upon its appearing that the testatrix had failed to designate such trustee competent to act. The learned surrogate, in his opinion, recognizes the rule, which is amply sustained by the authorities cited by him, that "a bequest, however, made by a resident of this state to a legatee domiciled elsewhere, and competent under the laws of his domicile to take the same for the purposes for which it has been given, is valid under our laws, although by those laws it would be invalid if made to a resident of this state"; and, as the referee has found as a fact that under the law of the state of Massachusetts the trust so attempted to be created would be a valid trust, the only question is whether or not the testatrix had indicated a trustee who would be competent to take and execute the trust. Now, the bequest is to the selectmen and other municipal authorities of the east parish of the testatrix's native town of Barnstable, in the county of Barnstable and state of Massachusetts, and their successors forever; and the surrogate found that the town of Barnstable was duly incorporated, and that selectmen of such town were duly chosen annually. There were, therefore, selectmen of the town of Barnstable, exercising over the whole of that town, including the east parish, the duties of their office. It seems to me they were clearly the individuals designated by the testatrix who were to act as trustees of this fund. They were just as much selectmen of the east parish as they were of any other parish in the town, or of the whole town. They exercised the jurisdiction of selectmen within that parish, and the mere fact that they also exercised jurisdiction over other parishes did not, it seems to me, make them any the less the selectmen of east parish. The testatrix clearly indicated the individuals to whom she wished this fund to be paid, and the trust upon which she wished such individuals to hold the bequest; and I think such trustees, clearly indicated by the testatrix, were entitled under the law of this state to the legacy, to be administered according to the law of the state of Massachusetts. As this bequest is not given to the town, but to certain individuals who occupy an official position in the town, the fact that the town as a municipal corporation could not take bequest is not material. No bequest is given to the town, the bequest being to the individuals who occupy the office of selectmen of the town. For this reason, I think the decree should be reversed.